Martin, J.
delivered the opinion of the court. In this case there was a judgment for the defendant and appellee.
The appellant shews that the judgment ought to be reversed, because it contains the citation of no law, nor any reasons, and therefore is void, under the law and the constitution.
*273 had West.
District. Sept.
1817. Although an answer to interrogatories be excepted to and the exception sustained, the party has no right to take it
This point has been frequently determined, and lately in the case of Urquhart vs. Taylor, in this court, during this term, ante 200.
The judgment is therefore annulled, avoided and reversed. Laverty & al. vs. Gray & al. 4 Martin, 463. Sierra vs. Slort, id. 316.
Proceeding to inquire what judgment the court below ought to have given, we are arrested by a bill of exception of the
The court below, having pronounced the an- swers of the plaintiff to the defendant’s inter- rogatories not properly sworn to; and the plaintiff having filed a second answer, his attorney took out the first. At the trial, the defendant, stating that the first answer was necessary to him in lessening the credit which was to be giv- en to the second, moved the court to the attorney to replace it on the files; and the court refusing to do so, on the ground that the defendant, having once objected to the reading of the paper, was not entitled to demand it, the defendant excepted to the opinion of the court.
We think that the court ought to have order- ed the attorney to replace the answer on the files. A paper once put on record, or on the files of the court, ought not to be withdrawn without leave. Each party has a right to the proper use of it. Although the defendant *274 refused to allow the reading of the paper by the plaintiff, yet he had the right of using it against him. If the answer had not been sworn at all, surely the defendant might have opposed the reading of it till it was sworn to-yet this would not deprive him from the benefit of any admission therein made by the plaintiff, which, though not evidence for the plaintiff, without being sworn to, was evidence against him without. It cannot be denied, that the defendant might oppose to the answer, in order to diminish the force of it, any contrary declaration orally made by the plaintiff-the same declarations could not be refused to be given in evidence, because they were written-nor because they were contained a paper which had once been tendered by the plaintiff, and the illegal introduction of which by the plaintiff the defendant had resisted. A party may offer his antagonist's declaration to derogate from the credit of his answer on oath, without being compelled to present that declaration as absolute evidence.
The whole evidence to which the parties are entitled, not being before us, we are unable to pronounce a final judgment-the cause is therefore remanded for trial, with directions to the district court to order the attorney of the plain *275 tiff to return the fact answer to the files of the court.
Baldwin for the plaintiff, Porter for the defendant.
But the appeal being taken from an erroneous judgment, the costs of the appeal must be borne by the appellee.